| | | | |
|---|---|---|---|
| Case No. | **CV 17-3686-GW(MRWx)** | Date | June 13, 2017 |

| | |
|---|---|
| Title | *Reseda Medical Clinic, et al. v. Liberty Mutual Ins. Company, et al.* Page 1 of 2 |

Present: The Honorable **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

| Javier Gonzalez | None Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS – ORDER TO SHOW CAUSE RE SUBJECT MATTER JURISDICTION**

On March 30, 2017, Plaintiffs Reseda Medical Clinic ("RMC") and Darby Sherman Way, LLC ("Darby") sued Defendants Liberty Mutual Insurance Company ("Liberty Mutual") and Does 1 through 100 for: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing (insurance bad faith); and (3) intentional infliction of emotional distress, in connection with Liberty Mutual's bad faith to timely pay benefits to Plaintiffs under their commercial property insurance policy. *See generally* Notice of Removal, Ex. 1 ("Complaint"), Docket No. 1. On May 16, 2017, Liberty Mutual removed this action to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. *See* Notice of Removal ¶ 1.

This Court has an obligation to ensure that subject matter jurisdiction exists before proceeding. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (indicating that courts must assure themselves of the existence of subject matter jurisdiction before proceeding); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (same). "The party asserting federal jurisdiction has the burden of showing the case meets the statutory requirements for the exercise of federal jurisdiction and therefore belongs in federal court." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 399 (9th Cir. 2010). In order for a court to have jurisdiction under 28 U.S.C. § 1332, the parties must be completely diverse. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) ("[T]he presence . . . of a single plaintiff from the same [s]tate as a single defendant deprives the district court of original diversity jurisdiction."). Because Liberty Mutual invoked the Court's diversity jurisdiction here when it removed this action (*see* Notice of Removal ¶ 1), it must prove that jurisdiction is proper − in particular, that the citizenships of the parties are completely diverse.

With respect to RMC's citizenship, Liberty Mutual asserts only that RMC is a medical facility located in Reseda, California, indicating that RMC is an unincorporated entity. *See id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-3686-GW(MRWx)** | Date | June 13, 2017 |
|---|---|---|---|

| Title | ***Reseda Medical Clinic, et al. v. Liberty Mutual Ins. Company, et al.*** | Page | 2 of 2 |
|---|---|---|---|

¶ 6. However, an unincorporated entity's citizenship for diversity purposes is determined by examining the citizenship of all of its members, not the location of the entity itself. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005); *Carden v. Arkoma Assoc.* 494 U.S. 185, 195 (1990) (explaining that unincorporated entities are treated as citizens of each state as to which its members are citizens). Liberty Mutual plainly fails to meet its burden herein. As to Darby, Liberty Mutual asserts that it is a California limited liability corporation. *See* Notice of Removal ¶ 6. For the purposes of determining diversity, "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *see also* O'Connell & Stevenson, *Cal. Prac. Guide: Fed. Civ. Proc. Before Trial* § 2:1372 (The Rutter Group 2016). Liberty Mutual, however, does not furnish any information regarding the citizenships of the members of Darby.

Because Liberty Mutual has failed to plead the citizenships of the members of either RMC or Darby, it has not demonstrated that the parties are completely diverse and that subject matter jurisdiction is proper. *See, e.g.*, *Segundo Suenos, LLC v. Jones*, 494 F. App'x 732, 735 (9th Cir. 2012) (finding failure to allege citizenships of the members of an LLC to be a "fatal defect").

The parties are currently scheduled to appear before this Court on July 13, 2017 for a scheduling conference. *See* Docket No. 13. The Court orders Liberty Mutual to show cause in writing no later than July 6, 2017 why this action should not be dismissed for lack of subject matter jurisdiction. Liberty Mutual is reminded that courtesy copies are to be delivered to the Chambers. The Court will also entertain any argument the parties wish to present on the issue at the scheduling conference.